UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOJITZ AMERICA CAPITAL CORPORATION,<br><br>    Plaintiff,<br>  v.<br><br>KEYSTONE EQUIPMENT FINANCE CORPORATION,<br><br>    Defendant. | 3:14-CV-00697 (CSH)<br><br>January 26, 2015 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

**HAIGHT**, Senior District Judge:

Defendant Keystone Equipment Finance Corporation ("Keystone") has filed a motion [Doc. 10] to dismiss the Complaint of Plaintiff Sojitz America Capital Corporation ("Sojitz") pursuant to Fed R. Civ. P. 12(b)(1) on grounds that abstention is warranted under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  Plaintiff opposes the motion.  This Ruling decides it.

**I.   BACKGROUND**

Sojitz, a corporate citizen of New York, is a minority stakeholder in Keystone, a corporate citizen of Connecticut.  Sojitz's minority share of Keystone is valued in excess of $10,000,000.  Doc. [1] at ¶¶ 2-3, 7-8.

In its Complaint, Sojitz alleges that Keystone, through its board of directors and majority shareholders, has committed waste of corporate assets, and acted in a manner that is illegal, oppressive or fraudulent toward Sojitz.  *Id.* at ¶ 1.  Sojitz seeks dissolution of Keystone and the appointment of a custodian and receiver, remedies provided by Connecticut General Statutes § 33-

896 *et seq.*[1]

Keystone has filed the instant motion to dismiss Sojitz's Complaint pursuant to Fed R. Civ. P. 12(b)(1). Doc. [10]. It argues that the Court should abstain from exercising jurisdiction over this case under *Burford* because federal review would necessarily involve complex issues of state law or infringe on Connecticut's efforts to establish a coherent policy with respect to the dissolution of its corporations.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss based on the abstention doctrine is also considered as a motion made pursuant to Rule 12(b)(1)." *City of New York v. Milhelm Attea & Bros.*, 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008) (citing 5B Wright & Miller § 1350 ("Courts have recognized a variety of other defenses that one normally would not think of as raising subject matter jurisdiction questions when considering a Rule 12(b)(1) motion, including claims that . . . the subject matter is one over which the federal court should abstain from exercising

---

[1] Sojitz seeks dissolution of Keystone pursuant to Conn. Gen. Stat. § 33-896(a)(1)(B) and (D) in counts one and two of the Complaint, respectively. Section 33-896 states in relevant part:

> (a) The superior court for the judicial district where the corporation's principal office or, if none in this state, its registered office, is located may dissolve a corporation:
>
> > (1) In a proceeding by a shareholder if it is established that . . . (B) the directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent . . . or (D) the corporate assets are being misapplied or wasted . . .

jurisdiction."). Therefore, though Keystone's instant motion is in substance a motion to dismiss based on principles of abstention, it is properly styled as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Apart from its argument that dismissal is appropriate under the abstention doctrine as described in *Burford* and related cases, Keystone's motion to dismiss for lack of subject matter jurisdiction is not based on any other jurisdictional defect, such as the absence of complete diversity between the parties, or a value in controversy below the statutory minimum. As implied in Part I of this Ruling, the Court is satisfied that the requirements otherwise establishing this Court's subject matter jurisdiction based on diversity of citizenship are met in this case. The parties are citizens of different states and the value of the matter in controversy as reflected by Sojitz's minority stake in Keystone, is in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states").

Nor is Keystone's motion to dismiss based on a claim that the Court lacks subject matter jurisdiction over claims for dissolution of a corporation. Whether the Court has subject matter jurisdiction over claims to dissolve a corporation is arguably an open question, the Court need not resolve here. *Compare Friedman v. Revenue Mgmt. of N.Y., Inc.*, 38 F.3d 668, 671 (2d Cir. 1994) (discussing competing authority with respect to whether or not federal courts have subject matter jurisdiction over dissolution claims and concluding "we need not authoritatively resolve" whether "district court possessed jurisdiction to dissolve [state corporation because] we believe that it did not abuse its discretion in holding in the alternative that it would have abstained from exercising that power") *with Beckworth v. Bizier*, No. 3:13cv1593 (AWT), 2014 WL 4851863, *17 (D. Conn. Sept.

30, 2014) (rejecting defendants' claim that court does not have subject matter jurisdiction over claims brought under Conn. Gen. Stat. §§ 33-896 and 33-948(a)).  The Court therefore considers only whether abstention is appropriate under *Burford* and its progeny.

**B.**   *Burford* **Abstention**

Although the Court has "diversity of citizenship" subject matter jurisdiction, "federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (internal quotation marks omitted).  One such class of exceptional circumstances was recognized in *Burford v. Sun Oil Co.*, where the Supreme Court held that a federal court may abstain from exercising jurisdiction over a case where federal review would disrupt a state's ability to administer local affairs which are of great interest to the state.  319 U.S. at 332-34; *Friedman v. Revenue Mgmt.*, 38 F.3d at 671 ("A federal court may abstain from hearing a case or claim over which it has jurisdiction to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation."); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d 289, 294 (E.D.N.Y. 1999).

In *Burford*, Sun Oil Company challenged in federal court the validity of an order of the Texas Railroad Commission granting Burford a permit to drill oil wells on a small plot of land in East Texas.  319 U.S. at 317.  Under the scheme for regulating oil and gas established under Texas law, judicial review of the Railroad Commission's orders was consolidated in a single state district court. The *Burford* Court held that abstention was appropriate because of the difficulty of the regulatory issues related to the conservation of oil and gas, Texas's demonstrated need for uniform regulation in that area, and the detrimental impact of ongoing review of the Railroad Commission's orders in

4

federal court. *Id.* at 318-320, 327-328, 331-332. Because Sun Oil's challenge involved such "basic problems of Texas policy," the Court resolved that "equitable discretion should be exercised to give the Texas courts the first opportunity to consider them." *Id.* at 332.

In *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350 (1989) the Supreme Court "distilled" the *Burford* abstention doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Id.* at 361 (internal quotation marks omitted). The Second Circuit has "identified three factors to consider in connection with the determination of whether federal court review would work a disruption of a state's purpose to establish a coherent public policy on a matter involving substantial concern to the public . . . '(1) the degree of specificity of the state regulatory scheme; (2) the need to give one or another debatable construction to a state statute; and (3) whether the subject matter of the litigation is traditionally one of state concern.'" *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 650 (2d Cir. 2009) (quoting *Hachamovitch v. DeBuono*, 159 F.3d 687, 697 (2d Cir.1998)). "Every abstention case is" nevertheless "to be decided upon its particular facts and not with recourse to some mechanical checklist." *Bethphage Lutheran Serv., Inc. v. Weicker*, 965 F.2d 1239, 1243 (2d Cir. 1992). Thus, in general, *Burford* abstention is appropriate when a federal court determines that "the strong interest in having certain classes of cases, and certain federal rights, adjudicated in federal court" outweighs "the States's interests in maintaining uniformity in the treatment of an essentially

local problem." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 728.

In *Friedman v. Revenue Mgmt.*, 38 F.3d 668 (2d Cir. 1994), the Second Circuit ruled that the district court properly abstained from hearing a claim for dissolution of a corporation brought under New York law. The Court of Appeals noted that "every federal court that has addressed the issue of dissolving state corporations has either abstained or noted that abstention would be appropriate, assuming jurisdiction existed." *Id.* at 671 (citing cases). The Second Circuit reasoned:

> [A]bstention would avoid needless interference with New York's regulatory scheme governing its corporations. New York has a strong interest in the creation and dissolution of its corporations and in the uniform development and interpretation of the statutory scheme regarding its corporation. . . . Moreover, to exercise jurisdiction over a dissolution of a state corporation would allow the possibility of federal dissolution actions, based on state statutes, being commenced in a number of different districts in which a particular corporation was subject to service, thereby placing an onerous burden on the corporation.

*Id.* (internal quotation marks, brackets, citation, and ellipses omitted).

The Second Circuit's holding in *Friedman* is in keeping with long established federal precedent. In *Pennsylvania v. Williams*, 294 U.S. 176, 182-86 (1935), the Supreme Court held that the district court erred in exercising jurisdiction over a shareholder's complaint seeking the liquidation of a Pennsylvania corporation because a scheme for liquidating corporations existed under state law. The *Williams* Court explained that "[i]t has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state." *Id.* at 185; *see Caudill v. Eubanks Farms*, 301 F.3d 658 (6th Cir. 2002) (quoting *Williams*); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d at 297 (same).

Since the Second Circuit's decision in *Friedman*, district courts in the Circuit have routinely abstained from hearing state-law corporation dissolution actions. *See, e.g., Beckworth v. Bizier*, No. 3:13cv1593 (AWT), 2014 WL 4851863, *17 (D. Conn. Sept. 30, 2014); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 271 (S.D.N.Y. 2008); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d at 290; *Boucher v. Sears*, No. 89cv1353 (HGM), 1997 WL 736532, at *19 (N.D.N.Y. Nov. 21, 1997). Although much of the authority dealing with *Burford* in this circuit concerns federal courts abstaining from dissolution claims brought under New York law, the first-cited district court case, *Beckworth v. Bizier*, is notable because it is the decision of a court in *this district* that abstained from exercising jurisdiction over a dissolution claim brought pursuant to Conn. Gen. Stat. § 33-896 *et seq* — the dissolution statute at bar. Relying on the Second Circuit's reasoning in *Friedman*, that court concluded "that federal review of the plaintiffs' dissolution claim would risk disrupting Connecticut's efforts to establish a coherent policy with respect to a matter of substantial public concern." *Beckworth v. Bizier*, 2014 WL 4851863 at *17.

Notwithstanding the authority in this Circuit favoring abstention in these circumstances, Sojitz principally argues that this case is a poor candidate for abstention because, unlike other instances in which courts have abstained from hearing claims for corporate dissolution, its Complaint does not disrupt Connecticut's efforts to establish a coherent policy with respect to a matter of substantial public concern. This Court disagrees.

As an initial matter, corporate dissolution claims in the abstention context are recognized as a matter of substantial public concern. *See Friedman v. Revenue Mgmt.*, 38 F.3d at 671 ("New York has a strong interest in the creation and dissolution of its corporations and in the uniform development of the statutory scheme regarding its corporations. . . . [It is] difficult to conceive of an

7

issue more important to the state than the continuation or dissolution of a corporation that was created and exists through the operation of its laws" (internal quotation marks omitted)); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d at 294-303 ("There is a lengthy history of federal court recognition of the important interest states have in crafting a unitary policy concerning the creation, endurance, and dissolution of corporations."); *see also Caudill v. Eubanks Farms, Inc.*, 301 F.3d at 664 (explaining how plaintiffs' "argument overlooks the important state interests implicated in a shareholder dissolution"). As the Circuit Court for the District of New Jersey put it over a century ago: "The corporation is the creature of the state. It derives its life from the state. It possesses the powers conferred by the state." *Conklin v. U.S. Shipbuilding Co.*, 140 F. 219, 222 (C.C.D.N.J. 1905); *see Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d at 296 (citing and quoting *Conklin*). Sojitz's dissolution claims clearly implicate a matter of substantial public concern.

With respect to the other facet of its argument, Sojitz's claim that its Complaint does not disrupt a coherent policy in Connecticut concerning corporate dissolutions is anchored primarily in a putative distinction between the Connecticut and New York court systems. New York it argues, unlike Connecticut, has "a *specialized* court . . . designed to create and foster unified procedures for a uniform system of review with respect to dissolutions." Doc. [17] at 10 (emphasis in original; internal quotation marks omitted); *see also* N.Y. Uniform Rule 202.70. In contrast, review of claims for corporate dissolution in Connecticut, Sojitz reasons, lie in the state's courts of general jurisdiction. *Id.*; *see also* Conn. Gen. Stat. § 33-896(a)(1) ("[t]he superior court for the judicial district where the corporation's principal office or, if none in this state, its registered office, is located may dissolve a corporation"). Sojitz's argument in this respect channels the Supreme Court's reasoning in *Burford*, in which abstention was appropriate in part because judicial review of the

orders of the Texas Railroad Commission was consolidated in a single state district court. *Burford*, 319 U.S. at 325 (noting that "the Texas legislature [had] established a system of thorough judicial review by its own State court," and that the orders of the Railroad Commission "may be appealed to a State district court in Travis County, and are reviewed by a branch of the Court of Civil Appeals and by the State Supreme Court").

Although a system of specialized judicial reviewed of the sort described in *Burford*, is factor favoring abstention, it is not a requirement. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 727 (emphasizing that there is no "formulaic test for determining when dismissal under *Burford* is appropriate"). In *Caudill v. Eubanks Farms*, 301 F.3d 658 (6th Cir. 2002), for example, the Sixth Circuit affirmed the district court's decision to abstain from hearing claims for dissolution of a Kentucky corporation, and expressly rejected the argument that abstention is inappropriate where "judicial review is not concentrated in any one single court, but rather placed in forums within the courts of general jurisdiction." *Id.* at 662-63. Likewise, the existence of a specialized court designed to review dissolution claims was *not* a basis for the Second Circuit's abstention rationale in *Friedman*. *See Friedman v. Revenue Mgmt.*, 38 F.3d at 671. Nor could it have been. At the time *Friedman* was published, a specialized court in New York hearing dissolution claims was confined to a pilot program in New York County. *See A History of the Creation and Jurisdiction of Business Courts in the Last Decade* 147, 152-53 (2004). The state's commercial division was not created until November 1995 — one year after *Friedman*. *Id.* at 153.

As part of Sojitz's argument that its dissolution claims do not disrupt Connecticut's efforts to establish a unified review of dissolution claims, it also points to the fact that "Connecticut has not concentrated oversight and authority over corporate dissolution actions in any particular state

9

regulator or regulating agency." Doc. [17] at 7 (citing *Burford*, 319 U.S. at 318, 326 (noting that abstention was warranted based partly on "the general regulatory system devised for the concentration of oil and gas in Texas")). As abstention may be appropriate even in the absence of a court of specialized jurisdiction, so too may it be warranted even where, as here, no particular state regulating agency is involved. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 727 (Kennedy, J., concurring) ("The fact that a state court rather than an agency was chosen to implement California's scheme provided more reason, not less, for the federal court to stay its hand."); *see also Nelson v. Murphy,* 44 F.3d 497, 500-01 (7th Cir.1995) (stating that an agency's role in a dispute is not essential to justify *Burford* abstention); *Friedman v. Revenue Mgmt.*, 38 F.3d 668, 671 (2d Cir.1994) (affirming exercise of *Burford* abstention in action seeking the involuntary dissolution of a state corporation in the absence of agency action); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d at 294-303 (abstaining in an action seeking the involuntary dissolution of a state corporation under the state's business corporations law); *but see St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir.1994) ("The concerns governing the *Burford* abstention doctrine are not present in the instant case. St. Paul's lawsuit does not involve a state administrative proceeding."). Under the greater weight of authority, the absence in Connecticut of a particular regulatory authority or specialized court charged with reviewing claims for corporate dissolution does not preclude the conclusion that Sojitz's Complaint disrupts Connecticut's efforts to develop a coherent policy with respect to a matter of substantial public concern.

Relative to dissolution actions brought under Conn. Gen. Stat. § 33-896 in the District of Connecticut, actions filed under that statute in the Connecticut Superior Court are overwhelming by comparison. A Westlaw search reveals that since 1879, Conn. Gen. Stat. § 33-896 (or the preceding

versions of that statute) has been cited in thirty-eight Connecticut Superior Court decisions, but in only two District of Connecticut decisions. The most recent dissolution action in this district is *Beckworth v. Bizier*, cited *supra*, in which this Court (Thompson, J.) abstained from exercising its jurisdiction over the dissolution claim, concluding that the action disrupted Connecticut's efforts to establish a coherent policy with respect to a matter of substantial public concern. *Beckworth v. Bizier*, 2014 WL 4851863 at *17.[2] The Superior Court's relative familiarity with dissolution actions under the statute weighs in favor of abstention. In *Feiwus v. Genpar, Inc.*, the court cited a similar disparity between the number of dissolution actions filed in New York State courts and federal courts in this circuit, as a factor favoring abstention. 43 F. Supp. 2d at 298, n. 9. The court stated:

> Federal courts are not often faced with the question of whether a state corporation should be involuntarily dissolved. . . . Given the importance to New York of coherent corporate regulation, the decision to dissolve a New York corporation is best left to the fora that, because of familiarity, are better situated to appreciate the trajectory of the state's evolving corporate policy.

*Id.* at 297, n. 8. The court also reasoned that abstention is particularly appropriate in an action involving the dissolution of a corporation because "dissolution is a discretionary form of relief" such that "the statutory standard lends itself to a variation in its application." *Id.* (internal quotation marks omitted). Likewise, the dissolution claims at bar — couched in Sojitz's allegations that Keystone has committed waste of corporate assets, and acted in a manner that is illegal, oppressive or fraudulent — are also subject to the Court's discretionary authority. *See, e.g., Martin v. Martin's*

---

[2] The other case is *Schumann v. Schumann*, No. 3:11cv888 (WWE), 2012 WL 2016192 (D. Conn. June 5, 2012). The court in that case denied defendants' motion to dismiss the dissolution claim, but confined its analysis to whether plaintiffs lacked standing to bring their claims directly (as opposed to derivatively) against defendants. *Id.* at 3-4. It did not consider whether abstention was appropriate and it does not appear that the issue was raised by defendants.

11

*News Serv., Inc.*, 9 Conn. App. 304, 313, (1986) (stating that predecessor to Conn. Gen. Stat. § 33-896 "leaves a great deal of discretion to the trial court").  That discretion is best exercised by the Connecticut state courts.

For the foregoing reasons, the Court concludes that Sojitz's dissolution claims infringe upon Connecticut's efforts to develop a coherent policy with respect to a matter of substantial public concern.  Accordingly, the Court abstains from exercising jurisdiction over Sojitz's Complaint.

### III.  CONCLUSION

Keystone's motion to dismiss Plaintiff Sojitz's Complaint [Doc. 10] is GRANTED.  The Clerk is directed to dismiss the Complaint, WITHOUT PREJUDICE to the assertion by Plaintiff of its claims in a Connecticut court of competent jurisdiction.

Defendant Keystone's motion [Doc. 14] for an extension of time within which to confer and file a Rule 26(f) report is DENIED AS MOOT.

The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated:   New Haven, Connecticut
             January 26, 2015

        /s/ *Charles S. Haight, Jr.*
        CHARLES S. HAIGHT, JR.
        Senior United States Judge